IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Lee Fuller, #237861,  ) | |
| ) | C/A No.: 0:05-2229-MBS |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | **O R D E R** |
| Wateree Correctional Institution, Warden  ) | |
| Anderson, Captain Murray, Lt. L. Laborn,  ) | |
| Nurse Parnell, and Officer Earnest  ) | |
| Hampton, #037504, all currently working  ) | |
| at Wateree Correctional Institution,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

Plaintiff Kevin Lee Fuller, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. At the time of the underlying events, Plaintiff was an inmate in custody of the South Carolina Department of Corrections (SCDC) housed at Wateree Correctional Institution in Rembert, South Carolina.[1]  Plaintiff asserts that he was injured when another inmate threw a chair, striking him on the head. Plaintiff alleges that he did not receive adequate medical care for his injuries.

This matter is before the court on Defendant Lisa Parnell's motion to dismiss for failure to effect service, which motion was filed September 12, 2005. By order filed September 13, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the applicable procedures and the possible consequences if he failed to respond adequately. Plaintiff filed no response to Defendant Parnell's motion to dismiss.

Also before the court is the remaining Defendants' motion to dismiss for failure to prosecute, which motion was filed October 17, 2005. A second Roseboro order was issued on October 18,

---

[1] Plaintiff filed the complaint while he was housed at Trenton Correctional Institution in Trenton, South Carolina.

2005. On October 19, 2005, Plaintiff contacted the Office of the Clerk of Court by telephone and stated he had been released from incarceration. Plaintiff verbally provided the Clerk's Office with a new address at 161 Tremont Lane, Gaston, South Carolina 29053. Plaintiff was instructed to submit the address change in writing. See Order filed August 9, 2005 (requiring Plaintiff to provide in writing any change of address). The Clerk's Office mailed a copy of the second Roseboro order to Plaintiff at his new address. Plaintiff filed no response to the motion to dismiss for failure to prosecute. Plaintiff also failed to submit in writing his current address.

In accordance with 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On February 27, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). A copy of the Report and Recommendation was sent to Plaintiff at Trenton Correctional Institution. The envelope containing the Report and Recommendation was returned to the Clerk's Office on March 7, 2006, marked "Return to Sender." Thereafter the Report and Recommendation was mailed to Plaintiff's last known address at 161 Tremont Lane, Gaston, South Carolina 29053. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28

U.S.C. § 636(b)(1).  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record.  The court concurs in the recommendation of the Magistrate Judge that the case be dismissed with prejudice pursuant to Fed R. Civ. P. 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

March 30, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3